UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAISY PATE                                    CIVIL ACTION

VERSUS                                        NO. 13-6366

PONTCHARTRAIN PARTNERS, LLC                   MAGISTRATE JUDGE
                                              JOSEPH C. WILKINSON, JR.

## ORDER AND REASONS ON MOTION

Plaintiff, Daisy Pate, alleges that her former employer, Pontchartrain Partners, LLC ("Pontchartrain"), discriminated against her based on her sex by terminating her employment while she was pregnant, in violation of Title VII. 42 U.S.C. § 2000e(k). Pate also brings state law claims of breach of contract, breach of implied covenant of good faith and fair dealing, wrongful discharge, intentional infliction of emotional distress and fraud, deceit and misrepresentation related to the termination of her employment. Complaint, Record Doc. No. 1. This matter was referred to a United States Magistrate Judge for all proceedings and entry of judgment in accordance with 28 U.S.C. § 636(c) upon written consent of all parties. Record Doc. No. 8.

Pontchartrain filed a motion for summary judgment addressing all of plaintiff's claims, supported by affidavits, certified documents and excerpts from Pate's deposition. Record Doc. No. 25. Pate received leave to file an untimely memorandum in opposition, which is supported by her entire deposition transcript. Record Doc. Nos. 27, 28, 29. Defendant received leave to file a reply memorandum. Record Doc. Nos. 30, 21, 32.

Having considered the complaint, the record, the arguments of the parties and the applicable law, IT IS ORDERED that the motion is GRANTED IN PART as to plaintiff's state law claims AND DENIED IN PART as to plaintiff's pregnancy discrimination claim, for the following reasons.

## ANALYSIS

A.   Standards of Review

"A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56, as revised effective December 1, 2010, establishes new procedures for supporting factual positions:

> (1) A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>     (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>     (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
> (2) Objection That a Fact Is Not Supported by Admissible Evidence. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
> (3) Materials Not Cited. The court need consider only the cited materials, but it may consider other materials in the record.

> (4)  Affidavits or Declarations.  An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(c).

Thus, the moving party bears the initial burden of identifying those materials in the record that it believes demonstrate the absence of a genuinely disputed material fact, but it is not required to negate elements of the nonmoving party's case.  <u>Capitol Indem. Corp. v. United States</u>, 452 F.3d 428, 430 (5th Cir. 2006) (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986)).  "[A] party who does not have the trial burden of production may rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to [a particular material] fact."  Advisory Committee Notes, at 261.

A fact is "material" if its resolution in favor of one party might affect the outcome of the action under governing law.  <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 248 (1986).  No genuine dispute of material fact exists if a rational trier of fact could not find for the nonmoving party based on the evidence presented.  <u>Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd.</u>, 40 F.3d 698, 712 (5th Cir. 1994).

To withstand a properly supported motion, the nonmoving party who bears the burden of proof at trial must cite to particular evidence in the record to support the essential elements of its claim.  <u>Id.</u> (citing <u>Celotex</u>, 477 U.S. at 321-23); <u>accord</u> <u>U.S. ex</u>

rel. Patton v. Shaw Servs., L.L.C., 418 F. App'x 366, 371 (5th Cir. 2011). "[A] complete failure of proof concerning an essential element of the nonmoving party's case renders all other facts immaterial." Celotex, 477 U.S. at 323; accord U.S. ex rel. Patton, 418 F. App'x at 371.

"Factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists." Edwards v. Your Credit, Inc., 148 F.3d 427, 432 (5th Cir. 1998); accord Murray v. Earle, 405 F.3d 278, 284 (5th Cir. 2005). "We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." Badon v. R J R Nabisco Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quotation omitted) (emphasis in original). "Conclusory allegations unsupported by specific facts . . . will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations . . . to get to a jury without any "significant probative evidence tending to support the complaint."'" Nat'l Ass'n of Gov't Employees, 40 F.3d at 713 (quoting Anderson, 477 U.S. at 249).

"Moreover, the nonmoving party's burden is not affected by the type of case; summary judgment is appropriate in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (quotation

omitted) (emphasis in original); accord Duron v. Albertson's LLC, 560 F.3d 288, 291 (5th Cir. 2009).

      B.    Pate Has Abandoned her State Law Claims

Citing to both relevant law and competent evidence, defendant argues extensively in its motion that Pate has no evidence to support her state law claims of breach of contract, breach of implied covenant of good faith and fair dealing, wrongful discharge, intentional infliction of emotional distress, and fraud, deceit and misrepresentation. Defendant's memorandum in support, Record Doc. No. 25-1 at pp. 11-15. Pate failed to respond to defendant's motion with either argument or evidence in support of any of her state law claims.

The Fifth Circuit "recognizes the well-established rule that [i]f a party fails to assert a legal reason why summary judgment should not be granted, that ground is waived." Blackwell v. Laque, 275 F. App'x 363, 366 n.3 (5th Cir. 2008) (quotation and citations omitted); accord McDaniel v. Shell Oil Co., 350 F. App'x 924, 927 (5th Cir. 2009). Therefore, Pate has waived and abandoned her state law claims.

In addition, even without plaintiff's waiver of her state law claims, Pontchartrain is entitled to summary judgment law on these claims, as discussed below.

### C. Plaintiff's Contract-Related Claims

As to Pate's claims of breach of contract, breach of the implied covenant of good faith and fair dealing, and wrongful discharge, the competent summary judgment evidence establishes that plaintiff was an at-will employee employed for an indefinite term, and that defendant's employee handbook did not create an employment contract. Wohlschlaeger v. Fairmont Hotel Co., 83 F.3d 419, 1996 WL 197517, at *3 (5th Cir. Mar. 22, 1996); Newsom v. Global Data Sys., Inc., 107 So. 3d 781, 786 (La. App. 3d Cir. 2012); Stanton v. Tulane Univ., 777 So. 2d 1242, 1250-51 (La. App. 4th Cir. 2001).

As an at-will employee, plaintiff could be fired at any time, with or without cause, without defendant incurring any state law liability. Chauvin v. Radioshack Corp., No. 08-4255, 2009 WL 981708, at *3 (E.D. La. Apr. 9, 2009), aff'd, 332 F. App'x 994 (5th Cir. 2009); Quebedeaux v. Dow Chem. Co., 820 So. 2d 542, 545-46 (La. 2002) (citing La. Civ. Code art. 2747); Newsom, 107 So. 3d at 785.

In these circumstances, plaintiff's claims of breach of contract, breach of the implied covenant of good faith and fair dealing, and wrongful discharge fail as a matter of law. Stewart v. Courtyard Mgmt. Corp., 155 F. App'x 756, 758-59 (5th Cir. 2005) (citing Wallace v. Shreve Mem'l Library, 79 F.3d 427, 429 (5th Cir. 1996); Gilbert v. Tulane Univ., 909 F.2d 124, 125 (5th Cir. 1990); Robinson v. Healthworks Int'l, L.L.C., 837 So. 2d 714, 721 (La. App. 2d Cir. 2003)); Curiel v. Alcede, 20 So. 3d 583, 584-85 (La. App. 3d Cir. 2009).

D.  Plaintiff's Intentional Infliction of Emotional Distress Claim

To meet her summary judgment burden to establish a material fact issue regarding her intentional infliction of emotional distress claim, Pate must provide evidence "'that (1) the conduct [of defendant] was extreme and outrageous; (2) the emotional distress suffered was severe; and (3) the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result.'" Iturralde v. Shaw Group, Inc., 512 F. App'x 430, 435 (5th Cir. 2013) (quoting White v. Monsanto Co., 585 So. 2d 1205, 1209 (La. 1991)).

Pate has cited no judicial decisions finding that termination of employment during the last month of pregnancy could be considered extreme and outrageous conduct. The Louisiana Supreme Court in Nicholas v. Allstate Ins. Co., 765 So. 2d 1017 (La. 2000), canvassed national jurisprudence and cited a case of employment termination during pregnancy as an example of conduct that was "merely tortuous [sic] or illegal [and] does not rise to the level of being extreme and outrageous." Id. at 1024-25 (citing Harvey v. Strayer College, Inc., 911 F. Supp. 24 (D.D.C. 1996) (applying District of Columbia law) ("an employee's termination did not constitute extreme and outrageous conduct even though the pregnant employee was summoned and confronted with questioning about her ability to conduct fall registration, [with her manager] knowing that earlier pregnancies had resulted in untoward hospitalization . . . .")). One district court applying Louisiana law has held that firing an employee five weeks before she gave birth "does not indicate

7

that management engaged in any conduct toward plaintiff that can be characterized as extreme and outrageous" for purposes of establishing a legal claim of intentional infliction of emotional distress. Barton v. G.E.C., Inc., No. 09-1123-JJB, 2011 WL 938153, at *5 (M.D. La. Mar. 16, 2011), aff'd, 467 F. App'x 285 (5th Cir. 2012); see also Christen v. Pan Am. Life Ins. Co., No. 87-4427, 1988 WL 72881, at *1-2 (E.D. La. July 8, 1988) (termination of plaintiff's employment on the day she returned home after giving birth was not extreme and outrageous conduct).

Even assuming that Pontchartrain's termination of plaintiff during the late stage of pregnancy could be considered extreme and outrageous, she has produced no evidence to create a material fact issue as to the second or third prongs of the test for an intentional infliction of emotional distress claim. As to the second prong,

> [a] review of the Louisiana jurisprudence indicates that "severe emotional distress" may be found "where a reasonable person, normally constituted, would be unable to cope adequately with the mental distress engendered by the circumstances of the case." "A non-exhaustive list of examples of serious emotional distress includes neuroses, psychoses, chronic depression, phobia, and shock."

Aronzon v. Sw. Airlines, No. 03-394, 2004 WL 57079, at *6 (E.D. La. Jan. 9, 2004) (quoting Norred v. Radisson Hotel Corp., 665 So. 2d 753, 756 (La. App. 1st Cir. 1995); Magee v. Pittman, 761 So. 2d 731, 752 (La. App. 1st Cir. 2000)).

Pate testified that she felt horrible, humiliated, upset, disturbed, concerned and stressed about her termination. She suffered no complications in her pregnancy. Record

Doc. No. 29-2 at pp. 78-80, 86 (pp. 76-78, 84 of deposition). She has produced no evidence that she ever saw a doctor for any form of emotional distress. As in Aronzon,

> nothing in the record . . . indicates that plaintiff suffered from severe emotional distress. Indeed, plaintiff freely admitted that [s]he never saw a medical care provider while [s]he worked for [defendant], nor has [s]he seen one since [her] termination. . . . Although the courts do not require evidence that a plaintiff visited a doctor to sustain a cause of action for intentional infliction of emotional distress, the Court finds that plaintiff's failure to seek any type of medical treatment supports defendant's proposition that the distress was not severe.

Aronzon, 2004 WL 57079, at *6 (emphasis added).

Similarly, there is no evidence in the record indicating that Pontchartrain desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from plaintiff's termination during her pregnancy. Accordingly, Pontchartrain is entitled to summary judgment in its favor as a matter of law on Pate's state law intentional infliction of emotional distress claim.

    E.    Plaintiff's Fraud or Intentional Misrepresentation Claim

Pate alleges in her complaint that Pontchartrain made a material misrepresentation of fact that she would be judged on the basis of her ability and would be considered for and given an opportunity to interview for all positions opening up with defendant when she was ready to return to work following the birth of her daughter. The terms "intentional misrepresentation" and "fraud" refer to one cause of action. Currier v.

9

Entergy Servs., Inc., No. 11-2208, 2014 WL 1093687, at *8 n.15 (E.D. La. Mar 14, 2014) (citing Guidry v. U.S. Tobacco Co., 188 F.3d 619, 627 (5th Cir. 1999)).

"To succeed on a Louisiana tort claim for fraud, a plaintiff must show (1) a misrepresentation of a material fact, (2) made with the intent to deceive, and (3) causing justifiable reliance with resulting injury." Id. at *8 (citing Guidry, 188 F.3d at 627). No evidence supports any element of Pate's fraud allegations. Accordingly, Pontchartrain is entitled to summary judgment on this claim.

    F.    Plaintiff's Sex Discrimination Claim

The Pregnancy Discrimination Act amended Title VII to include pregnancy discrimination within the definition of sex discrimination. Stout v. Baxter Healthcare Corp., 282 F.3d 856, 859 (5th Cir. 2002). Title VII thus prohibits employers from discriminating against a female employee "because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes . . . as other persons not so affected but similar in their ability or inability to work." 42 U.S.C. § 2000e(k).

Unlike her state law claims, Pate's evidence is sufficient to create a genuine issue of material fact that requires trial of her claim of pregnancy discrimination. She testified that Rodney Greenup, a partner at Pontchartrain who hired her and terminated her employment, specifically told her during a telephone call in early August 2012 that

10

"I was going to be let go <u>because I was pregnant</u>."  Plaintiff's deposition, Record Doc. No. 29-2 at p. 21 (p. 19 of deposition transcript) (emphasis added); <u>accord</u> <u>id.</u> at pp. 23, 24-25, 33, 45, 84 (pp. 21, 22-23, 31, 43, 52, 82 of transcript).  Pate was then terminated shortly thereafter, effective September 30, 2012.

Pontchartrain denies in its summary judgment motion papers (without citing any evidence) that Greenup made any such oral statement.  However, Pate's testimony must be assumed to be true for purposes of the motion.  Defendant fails even to address this direct evidence of discriminatory intent.  In its memorandum, Pontchartrain cites the mere allegations of plaintiff's complaint, which are not evidence, to support its argument that Pate has no direct evidence of discrimination and must therefore satisfy the <u>McDonnell Douglas</u> burden-shifting framework for a case based on circumstantial evidence.  However, in the summary judgment materials submitted in opposition to this motion, Pate has submitted <u>direct</u> evidence in the form of her own sworn testimony.  Greenup's statement, as described in Pate's testimony, is admissible.  Fed. R. Civ. P. 801(d)(2)(C), (D).  It is also direct evidence because, if believed, it proves defendant's discriminatory animus without inference or presumption.  <u>Lazarou v. Miss. State Univ.</u>, 549 F. App'x 275, 279 (5th Cir. 2013); <u>West v. Nabors Drilling USA, Inc.</u>, 330 F.3d 379, 384 n.3 (5th Cir. 2003); <u>Sandstad v. CB Richard Ellis, Inc.</u>, 309 F.3d 893, 897 (5th Cir. 2002).

The presence of direct evidence of defendant's discriminatory intent affects the burden of proof under Title VII and requires that Pontchartrain's motion for summary judgment be denied.

> "If the Plaintiff provides direct evidence, then the burden shifts to the employer to prove that the same adverse action would have occurred regardless of discriminatory animus."FN55  If the Plaintiff provides circumstantial evidence, "the modified McDonnell Douglas approach" applies.FN56
>> FN55. Jones v. Overnite Transp. Co., 212 F. App'x 268, 272 (5th Cir. 2006) (per curiam) (citing Laxton v. Gap Inc., 333 F.3d 572, 578 (5tn [sic] Ctr. [sic] 2003)).
>> FN56. See Rachid v. Jack in the Box, Inc., 376 F.3d 305, 312 (5th Cir. 2004) (age discrimination case).
>
> Where a plaintiff presents direct evidence of discrimination, the McDonnell Douglas framework does not apply in determining whether a genuine issue of material fact exists.FN57  Thus, "if a plaintiff is able to produce direct evidence of discrimination, he may prevail without proving all the elements of a prima facie case."FN58  Instead, where "a plaintiff presents credible direct evidence that discriminatory animus in part motivated or was a substantial factor in the contested employment action, the burden of proof shifts to the employer to establish by a preponderance of the evidence that the same decision would have been made regardless of the forbidden factor."FN59
>> FN57. See Lazarou v. Mississippi State University, 549 F. App'x 275, 279 (5th Cir. Dec. 17, 2013) (citing Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 121 (1985)) ("[T]he McDonnell Douglas test is inapplicable where the plaintiff presents direct evidence of discrimination.").
>> FN58. Swierkiewicz v. [Sorema] N. A., 534 U.S. 506, 511 (2002).
>> FN59. Brown v. East Mississippi Elec. Power Ass'n, 989 F.2d 858[,] 861 (5th Cir. 1993); see also Sandstad, 309 F.3d 893 at 896 ("If the plaintiff produces direct evidence that discriminatory animus played a role in the decision at issue, the burden of persuasion shifts to the defendant, who must

> prove that it would have taken the same action regardless of discriminatory animus.").

Terry v. Promise Hosp. of Ascension, Inc., No. 13-128-SDD, 2014 WL 4161581, at *5 (M.D. La. Aug. 19, 2014) (emphasis added).

> "Once the burden of persuasion shifts to the employer . . . , the employer may escape liability only if it proves that it would have made the same employment decision based on purely legitimate reasons." "[P]roving that the same decision would have been justified . . . is not the same as proving that the same decision would have been made." Nor may an employer "meet its burden in such a case by merely showing that at the time of the decision it was motivated only in part by a legitimate reason." "The very premise of a mixed-motives case is that a legitimate reason was present. . . ." "<u>The employer instead must show that its legitimate reason, standing alone, would have induced it to make the same decision</u>."

Id. (quoting Price Waterhouse[ v. Hopkins], 490 U.S. 228, 252 (1989), overruled on other grounds by the Civil Rights Act of 1991; Machinchick v. PB Power, Inc., 398 F.3d 345, 355 (5th Cir. 2005)) (emphasis added).

Pate's testimony about Greenup's statement is direct evidence of discrimination because the statement was "(1) related to the protected class of persons of which the Plaintiff is a member, (2) proximate in time to the employment decision, (3) made by an individual with authority over the employment decision at issue, and (4) related to the employment decision at issue." Id. at *7 (citing Auguster v. Vermilion Parish Sch. Bd., 249 F.3d 400, 405 (5th Cir. 2001)).

Although Pontchartrain has produced evidence of its legitimate, nondiscriminatory reasons for terminating plaintiff's employment, Pate's testimony establishes a prima facie

case of pregnancy discrimination and shifts the burden of proof to defendant show that its legitimate reasons, standing alone, would have induced it to make the same decision. It is the task of the jury, not of the court on summary judgment, to weigh the credibility of Pate's testimony and, if she is believed, of Pontchartrain's evidence that it would have made the same decision in the absence of her pregnancy. Fabela v. Socorro Indep. Sch. Dist., 329 F.3d 409, 416 (5th Cir. 2003), abrogated on other grounds by Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 177 (2009); Terry, 2014 WL 4161581, at *9.

Summary judgment on Pate's pregnancy discrimination claim is therefore denied. Fabela, 329 F.3d at 416; Picard v. La. ex rel. Dep't of Justice, 931 F. Supp. 2d 731, 740, 742 (M.D. La. 2013); Terry, 2014 WL 4161581, at *9.

CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that defendant's motion for summary judgment is GRANTED IN PART in that plaintiff's state law claims for breach of contract, breach of the implied covenant of good faith and fair dealing, wrongful discharge, intentional infliction of emotional distress, and fraud, deceit and misrepresentation are DISMISSED WITH PREJUDICE. The motion is otherwise DENIED. Trial will proceed on December 1, 2014 at 8:30 a.m. as to Pate's remaining

claim of pregnancy discrimination, with the final pretrial conference on November 13, 2014 at 2:00 p.m.

New Orleans, Louisiana, this \_\_\_\_7th\_\_\_ day of November, 2014.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE